IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES J. WOODFORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-20-942-HE |
| | ) | |
| RICK WHITTEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Woodfork, a state prisoner appearing *pro se* and *in forma pauperis*, filed this case alleging that defendants violated his constitutional rights by terminating his ability to correspond with his brother, an inmate at another state prison facility. Defendant Whitten is the warden of the James Crabtree Correctional Center where plaintiff is incarcerated. Defendant Adams is apparently a mail room official at the facility. Both are sued in their official and individual capacities.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. In the course of those proceedings, plaintiff moved for summary judgment and the defendants moved to dismiss the claims against them. Judge Erwin has issued a Report and Recommendation (the "Report") recommending that both motions be denied.

Plaintiff has not objected to the report, thereby waiving his right to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010). As a result, the Report will be adopted as to his summary judgment

motion. Defendants have objected to the Report, which triggers *de novo* review of the matters to which objection has been made.

According to the parties' submissions, plaintiff sought and was granted permission to correspond with his brother, who is an inmate at another Oklahoma correctional facility.[1] After his brother sent him a letter saying "I really need a Dott" and referring to a "G.D.", plaintiff was informed that his correspondence privileges with his brother were being terminated and would not be reinstated. Defendants apparently interpreted the references to "Dott" and "G.D." as being to a "green dot" card, a form of debit card that is viewed as contraband by DOC officials.

Plaintiff contends the termination violated his First Amendment right to free speech and that his due process rights were violated because he did not receive a disciplinary hearing before the termination. Further, he challenges the "permanent" termination of his correspondence privileges on the basis that the applicable rule provides only for a 90-day suspension for infractions of the rule.

Defendants' motion to dismiss contends the complaint failed to state a claim against them. They suggest the Report, in rejecting their motion, failed to acknowledge the deference owed to prison officials in maintaining security. It is, of course, true that substantial deference is owed to prison officials, but that does not mean that all actions by prison officials are shielded from judicial review. When a prison regulation or practice is

---

[1] Applicable DOC policy states: "There will be no correspondence between inmates except as approved in writing by the appropriate facility heads. Such correspondence will be limited to immediate family members."

challenged, a federal court must discharge its duty to determine whether constitutional rights have been violated.  Jacklovich v. Simmons, 392 F.3d 420, 426 (10th Cir. 2004).  In making that determination, a court must determine whether the challenged rule or practice is reasonably related to legitimate penological interests, applying the factors discussed in Turner v. Safley, 482 U.S. 78 (1987).  Here, defendants would have the court weigh those factors and reach a conclusion in the context of a motion to dismiss.  Like the Magistrate Judge, the court concludes it is premature to determine now whether plaintiff can make out a constitutional violation by reason of the "permanent" revocation of his correspondence privileges with his brother.  The rule and practice apparently involved here is more restrictive of plaintiff's rights than the correspondence limitations upheld in Turner, and plaintiff's allegations are at least sufficient to create a plausible claim.

Defendants also object that the Report failed to address their assertion of the qualified immunity defense.  That is true, but it is not altogether clear that plaintiff is even asserting a claim to which the defense would apply.  His complaint appears to seek only injunctive relief — reinstatement of correspondence privileges with his brother — and if relief of that sort is ultimately warranted, it would presumably result in an order directed to the defendants in their official capacities.  Qualified immunity is not a defense against claims for injunctive relief against officials in their official capacities.  Meiners v. Univ. of Kansas, 359 F.3d 1222, 1232 (10th Cir. 2004).

Qualified immunity is, however, a potential defense against claims for monetary damages against officials in their individual capacities.  Here, plaintiff purports to sue defendants in their individual, as well as official, capacities.  If his request for copying

costs is viewed as a request for monetary damages, or if plaintiff's position somehow morphs into a request for monetary damages as defendants appear to assume, the qualified immunity defense would be applicable. Further, the court concludes defendants have established the defense here as to any claim for monetary relief against them.

> When qualified immunity is raised in a Fed.R.Civ.P. 12(b)(6) motion, the plaintiff must carry the burden of establishing that the defendant violated clearly established law. Thus, the plaintiff must identify a clearly established statutory or constitutional right of which a reasonable person would have known, and then allege facts to show that the defendant's conduct violated that right.

Lybrook v. Members of Farmington Mun. Schs. Bd. of Educ., 232 F.3d 1334, 1337 (10th Cir. 2000) (quotations and citation omitted).

Here, plaintiff has not identified a clearly established constitutional right of which defendants would have known. As noted above, regulations limiting the rights of prisoners to send and receive mail are permissible if they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Further, the court must afford "considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." Thornburgh v. Abbott, 490 U.S. 401, 408 (1989). Even if, as against these deferential standards, plaintiff can ultimately establish that permanent deprivation of correspondence privileges with his brother violated his rights, that does not translate into meeting the "clearly established" element. Plaintiff has not cited any case which suggests that terminating privileges in these circumstances — where correspondence arguably relates to matters viewed by the prison as contraband — is plainly illegal. As a result, the qualified

immunity defense applies and precludes any claim against the defendants in their individual capacities.

Accordingly, the Report is **ADOPTED** as modified here. Plaintiff's motion for summary judgment [Doc. #21] is **DENIED**. Defendant's motion to dismiss [Doc. #20] is **GRANTED** insofar as plaintiff seeks money damages or other relief against defendants in their individual capacities but is otherwise **DENIED**. Left for resolution is plaintiff's request for injunctive relief reinstating his right to communicate with his brother. This matter is re-referred to Judge Erwin for further proceedings consistent with this order.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2021.

JOE HEATON
UNITED STATES DISTRICT JUDGE